UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULY DODSON, TENADORE FOWLER, and RYAN TAMM, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DESTINATION XL GROUP, INC., d/b/a DXL BIG + TALL,<br><br>Defendant. | CASE NO. 2:26-cv-00866-JNW<br><br>ORDER |

Plaintiffs July Dodson, Tenadore Fowler, and Ryan Tamm filed this putative class action against Defendant Destination XL Group, Inc., d/b/a/ DXL Big + Tall, on February 12, 2026, in King County Superior Court. Dkt. No. 1-1 at 5. The complaint alleges Defendant violated Washington's Commercial Electronic Mail Act ("CEMA") by sending or conspiring to send emails that "[c]ontain[] false or misleading information in the subject line." Dkt. No. 1-1 at 21 (quoting RCW 19.190.020(1)(b)). *Id.* at 21–22. Plaintiffs also allege that Defendant violated Washington's Consumer Protection Act ("CPA"), as a CEMA violation is a per se

CPA violation under Washington law. *Id.* at 22–23. Defendant removed the case on March 13, 2026, alleging diversity jurisdiction as well as federal jurisdiction under the Class Action Fairness Act ("CAFA"). Dkt. No. 1 at 3–11. It then moved to dismiss Plaintiffs' complaint and, later, to stay discovery pending the Court's ruling on that motion. Dkt. Nos. 13; 29. On May 6, 2026, the State of Washington intervened as a Plaintiff. Dkt. No. 19.

Some courts in this District have questioned whether named plaintiffs in similar CEMA/CPA class actions lack Article III standing and whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction. *See, e.g.*, *Devivo v. Sheex Inc.*, No. 3:25-cv-05807-DGE, 2026 WL 775625 (W.D. Wash. Mar. 19, 2026); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's USA*, No. C25-1922-KKE, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026).

The *Hutton* court has since remanded that action for lack of standing. 2026 WL 2210133 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pleaded. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *2–3 (W.D. Wash. May 19, 2026). And the *Harrington* and *Kempf* courts stayed the action pending resolution of the Ninth Circuit appeal in *Montes v. SPARC Group, LLC*, Case No. 23-25496. Other courts found *Montes* distinguishable and declined to stay. *See Arcand v. Catalyst Brands LLC,* No. 2:25-cv-01445-DGE, 2026 WL 369417, at *2 (W.D. Wash. Feb. 10, 2026).

In its motion to dismiss, Defendant makes several arguments related to Article III standing. For instance, it argues that "CEMA imposes strict liability

solely for receiving a potentially misleading or deceptive email without requiring any type of economic or material harm." Dkt. No. 13 at 20. Likewise, Defendant claims, "CEMA is not narrowly tailored. It imposes $500 in possible statutory damages per message without any actual harm, simply because someone received an email." *Id.* at 24. Thus, the Court raises this jurisdictional question, as it must before reaching the merits, but it will not decide these questions without the parties' input. Accordingly, the Court ORDERS:

- Defendant must file a supplemental brief not to exceed eight (8) pages by September 10, 2026, about (1) whether Plaintiffs have Article III standing and, if not, whether the action should be remanded to state court or stayed pending *Montes*, and (2) whether the Court should, under CEMA, calculate damages on a per-email or per-recipient basis and, depending on that answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.
- Plaintiffs must file a responsive supplemental brief not to exceed eight (8) pages by September 17, 2026. The State of Washington may (but is not required to) file a responsive supplemental brief not to exceed eight (8) pages by September 17, 2026.
- The Clerk is DIRECTED to re-note the motion to dismiss, Dkt. No. 13, for September 17, 2026.

Dated this 27th day of August, 2026.

Jamal N. Whitehead
United States District Judge